IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JERRY and MARGARET GUTHRIE,

    PLAINTIFFS,

v.                                            CASE NO. CV-05-J-1816-J

CHRIS ROBINSON, STATE FARM FIRE
& CASUALTY COMPANY, and JADE
ENGINEERING AND INSPECTION, INC.,

    DEFENDANTS.

## MEMORANDUM OPINION

Pending before the court is the plaintiffs' motion to remand (doc. 5) and defendant State Farm Fire and Casualty Company's ("State Farm") notice of removal (doc. 1) asserting that this court has jurisdiction under 28 U.S.C. § 1332. Notice of Removal, ¶ 2. Having considered the motion to remand and the notice of removal, the court finds as follows:

Defendant alleges that the matter in controversy exceeds $75,000.00 and that, absent the allegedly fraudulently joined defendants Chris Robinson ("Robinson") and Jade Engineering and Inspection, Inc. ("Jade"), it is between citizens of different states. Notice of Removal, ¶¶ 3-5.

In support of its notice of removal, defendant State Farm alleges that neither Robinson nor Jade have any "real connection with the controversy." Notice of

Removal, ¶ 3.  However, the plaintiffs allege that the three defendants conspired together to not pay for the losses sustained to the plaintiffs' home from a water leak. Complaint, ¶¶ 7-12.

State Farm asserts that the only claim asserted against defendant Robinson is negligence and wantonness.  However, Count IV of the plaintiffs' complaint states a claim against all three defendants for civil conspiracy.  Defendant State Farm also alleges that the plaintiffs cannot "establish" any of their alleged causes of action against defendant Jade.  Namely, State Farm asserts that because plaintiffs do not state any cause of action against Jade other than civil conspiracy, this cannot be a viable claim.  The plaintiffs allege that "defendant Jade engaged in a civil conspiracy with State Farm and Robinson for the purpose of depriving the plaintiffs of coverages to which the plaintiffs were entitled."  Complaint, ¶ 24.

To allege a civil conspiracy existed, the plaintiffs must merely claim that "two or more persons" combine "to accomplish by concert an unlawful purpose or to accomplish a purpose not in itself unlawful by unlawful means."  Alabama Pattern Jury Instructions, 43.00.  Additionally, "[a]ny defendant who participates in a civil conspiracy is liable for the damages sustained by the plaintiff[s] as a result of the conspiracy, regardless of whether the defendant profited from the conspiracy." APJI, 43.02.

For this court to have jurisdiction under 28 U.S.C. § 1332, every plaintiff must be diverse from every defendant. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse parties, as alleged by defendant State Farm.

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440.... In *Tapscott,* 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified--i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360. In the instant case, the parties do not suggest that there has been "outright fraud in the plaintiff's pleading of jurisdictional facts," so we concern ourselves only with the first and third types of fraudulent joinder. Turning to the first type, "If there is *even a possibility* that a state court would find that the complaint states a cause of action against

any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

Defendant State Farm, as the party removing this action to federal court, has the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citation omitted).[1]

---

[1] This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

As stated above, the court finds at least one cause of action is stated against the non-diverse defendants – civil conspiracy (Count IV). Defendant State Farm does not address this cause of action against defendant Robinson in its Notice of Removal. Rather, the Notice of Removal argues that the plaintiffs cannot "establish any of their alleged causes of action against Robinson" because the complaint asserts only a claim for negligence and wantonness. Notice of Removal, ¶ 4.

The court, having reviewed the allegations set forth in Count IV of the plaintiffs' complaint, finds the allegations do state a cause of action against the resident defendants. Thus, this court must find that the joinder was proper and remand the case to the state court. *See Coker*, 709 F.2d at 1440-41. The plaintiffs need not have a winning case against the allegedly fraudulent defendants; they need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.[2]

Having found that the plaintiffs have stated a claim against the non-diverse defendants, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if

---

[2]Because the court finds that the removal of this action was not proper, the court leaves the two pending motions to dismiss for resolution by the state court.

none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought").

The court having considered the foregoing and being of the opinion that the plaintiffs' motion to remand is due to be granted;

It is therefore **ORDERED** by the court that said motion to remand be and hereby is **GRANTED**. The court shall remand this case to the Circuit Court of Walker County, Alabama, by separate Order.

**DONE** this the 7th day of September, 2005.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE